Inez T. HUBBARD, Appellant,

v.

John ASHCROFT, Attorney General,

U.S. Department of Justice.[1]

No. 01–3019.

United States Court of Appeals,
Third Circuit.

Argued April 25, 2002.

Decided Aug. 1, 2002.

F. Michael Daily, Jr. (Argued), Quinlan, Dunne & Daily, Merchantville, New Jersey, for Appellant.

John A. Ruymann (Argued), Office of United States Attorney, Trenton, New Jersey, for Appellee.

Before BECKER, Chief Judge, SCIRICA, and RENDELL, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Plaintiff Inez Hubbard, M.D., an African–American female over the age of forty, appeals from a grant of summary judgment entered in favor of the Attorney General on her claims of employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a) (for gender and race discrimination) and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(a). The District Court entered summary judgment after concluding that Hubbard had failed to present a prima facie case of discrimination or sufficient evidence to "cast doubt" on defendant's proffered nondiscriminatory reasons for the alleged adverse employment action at the Federal Correctional Institution in Fort Dix, New Jersey.

We will affirm.

---

1. Attorney General Ashcroft has been substituted for former Attorney General Reno, the original defendant–appellee in this case. Fed. R. App. P. 43(c). *See, e.g., Abdille v. Ashcroft,* 242 F.3d 477 (3d Cir.2001).

## I.

We have jurisdiction under 28 U.S.C. § 1291.

## II.

We exercise de novo review over a grant of summary judgment. *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318 (3d Cir.2000).

## III.

Title VII prohibits employers from engaging in gender or race-based discrimination in employment. 42 U.S.C. § 2000e–16(a). The ADEA prohibits employment discrimination based on age. 29 U.S.C. § 633a(a). In order to prevail on a pretext theory of age, sex, or race discrimination, a plaintiff must first establish a prima facie case of discrimination. *Goosby*, 228 F.3d at 318 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir.1997) (applying a "slightly" modified *McDonnell Douglas* framework to an ADEA claim). Once a prima facie case[2] has been established, the employer "must come forward with a legitimate, non-discriminatory reason for the adverse employment decision." *Goosby*, 228 F.3d at 318. If the employer can proffer a legitimate, nondiscriminatory reason for its actions, the plaintiff must demonstrate that the proffered reason was merely a pretext for unlawful discrimination. *Id.*; *Starceski*

*v. Westinghouse Electric Corp.*, 54 F.3d 1089, 1095–96 n. 4 (3d Cir.1995) ("At all times the burden of proof or risk of non-persuasion, including the burden of proving 'but for' causation or causation in fact, remains on the employee."). In order to show pretext, plaintiff must submit evidence which: "1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 762, 765 (3d Cir.1994) (explaining plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions ... that a reasonable factfinder could rationally find them 'unworthy of credence' ") (internal citation omitted).

In this case, Hubbard resigned prior to finishing a probationary period[3] of employment with FCI Fort Dix. Defendants contend Hubbard was asked to resign because of allegations of clinical mismanagement and unprofessional behavior. Warden Doug Lansing gave multiple reasons for his decision to terminate Hubbard's employment, including: (1) the Mortality Review Committee's conclusion Hubbard mismanaged an inmate's care; (2) Hubbard demonstrated frequent communication problems with other staff members; and

---

2. A prima facie case is made when plaintiff establishes: (1) she was a member of a protected class; (2) she was qualified for the position sought; and (3) nonmembers of the protected class were treated more favorably. *Goosby*, 228 F.3d at 318. For purposes of this appeal, we will assume *arguendo* that Hubbard established a prima facie case of discrimination.

3. Federal regulations provide for a "probationary period" that the agency "shall use as fully as possible to determine the fitness of the employee and shall terminate [her] services during this period if [she] fails to demonstrate fully [her] qualifications for continued employment." 5 C.F.R. § 315. 803. Here, the Human Resources Administrator at FCI Fort Dix provided Hubbard with the opportunity to resign voluntarily before she was terminated.

(3) Hubbard's refusal to grant certain privileges to physician assistants that was inhibiting the provision of adequate health care at the Health Services Unit. Hubbard concedes that defendant has met its burden of articulating nondiscriminatory reasons for its employment actions, but she contends that she has presented ample proof of the weaknesses and implausibilities of these reasons to demonstrate pretext. We disagree. During her tenure at Fort Dix, Hubbard apparently brought certain alleged problems with alleged uncooperative physician assistants to the attention of her supervisors but never suggested she was being discriminated against because of race, gender, or age. Furthermore, Hubbard stated that Warden Lansing, the chief official and decision-maker at FCI, did not treat her differently because of her membership in a protected class. In fact, when Hubbard alerted Warden Lansing to her "problems," he accommodated her and even arranged for her to shadow a more experienced physician for a time. But when Hubbard was unable to develop satisfactory working relationships, Warden Lansing decided not to retain her. In these circumstances, Hubbard has failed to demonstrate that there is a genuine issue of fact whether discrimination was "more likely than not" a cause of the alleged adverse employment action. *Fuentes*, 32 F.3d at 762. This is fatal to her claim.

## IV.

For these reasons, we will affirm the judgment of the District Court.